**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

HELEN BLUNDEN,
        Plaintiff,      :

    v.

EMIGRANT MORTGAGE CO., INC.;    :    Civil Action No.:

        Defendant.

## COMPLAINT

**A.** **Jurisdiction and Venue**

1. Jurisdiction over this matter is conferred upon this Court by the Truth in Lending Act (hereinafter "TILA"), 15 U.S.C. §1640(e).

2. Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.** **Parties**

3. Plaintiff Helen Blundon is a natural individual who resides at and owns 2241 Aquetong Road, New Hope, PA 18938 [hereinafter the premises].

4. Defendant EMIGRANT MORTGAGE CO., INC. is a corporation engaged in the business of consumer lending in Pennsylvania with principal offices at 7 Westchester Plaza, Elmsford, NY 10523.

5. Defendant Emigrant is a creditor within the meaning of TILA.

**C.** **Factual Allegations**

6. On or about April 10, 2008, defendant closed a loan with plaintiff in the

principal amount of $350,000.00.

7. Emigrant provided to plaintiff in the Federal Truth in Lending Disclosure of the loan's material terms notice of a 6.032% APR.

8. On August 6, 2010, plaintiff notified Emigrant of her rescission of the loan (see Ex. "A").

9. Emigrant has refused to comply with the TILA scheme of rescission (see Emigrant reply as Ex. "B").

**Cause of Action**

10. Plaintiff re-alleges and incorporates by this reference all paragraphs as if set forth herein.

11. The loan was a mortgage loan involving an extension of consumer credit upon Plaintiff's residence subject to the Plaintiff's right of rescission as described by TILA, 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

12. Emigrant failed to provide to plaintiff an accurate Notice of the APR within 1/8 of 1% as required by 15 U.S.C. §1638 in that the actual APR for this loan is 6.41%, but was disclosed inaccurately as 6.032%.

13. Defendant Emigrant failed to deliver all "material" disclosures required by TILA for reasons including but not limited to failing to provide the notice of a high interest loan three (3) days prior to the closing as required by 15 U.S.C. §1639(b)(1).

WHERFORE, as a result of the violations of TILA, pursuant to 15 U.S.C. §§1635(a), 1639, and HOEPA §1640(a), Defendant Emigrant is liable to Plaintiff for damages of:

a) rescission of this transaction, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed by Defendant;

b) termination of any security interest in Plaintiff's property created under the transaction;

c) return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

d) statutory damages of $4,000 for failure to rescind pursuant to the requirements of 15 U.S.C. §1635(b);

e) actual damages in an amount to be determined at trial;

f) an award of reasonable attorney's fees and costs.

Dated: August 27, 2010

RC935
ROBERT P. COCCO, P.C.
By:  Robert P. Cocco, Esquire
Pa. Id. No. 61907
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-351-0200

Matthew Weisberg, Esquire
PROCHNIAK WEISBERG, P.C.
Pa. Id. No. 85570
7 S. Morton Ave.
Morton, PA 19070
(610) 690-0801
Attorneys for Plaintiff